Our next case is number 24-1230, Kendall v. Collins. Okay, Mr. Delacroix. Thank you, Your Honor. May it please the Court, on behalf of Mr. Kendall, I want to thank this Court for the opportunity to present its appeal. This appeal asks the Court to review the VA's actions to reduce Mr. Kendall's attorney's fee for representation of the veteran. Late last night, and I hope that it made its way to the judges here, we withdrew two of our arguments. I apologize for the tardiness of that, but in preparing last night and yesterday, we withdrew the first two arguments, and I want the Court to focus on the statutory and regulatory interpretation matter on how the VA can rebut the presumption of reasonableness in the fee. Is that the only issue before us now? That is the only issue before you, yes, Your Honor. Well, we have one other issue, which is jurisdiction. There is a jurisdiction issue, Your Honor, and I would like to address that first, obviously. The government first cited the 7263C in that this Court cannot review any determinations. As we pointed out in a reply brief, however, it looks like when Congress amended 5904, they, for whatever reason, overlooked this particular statute because the statute that it refers to, 5904C2, no longer authorizes a reduction or a reasonableness review of the fee. If you look at the pre-2006 version of that statute, this is where the original reasonableness review authorization was given directly to the Board. There were no statutory presumptions, and then it was reviewable by the Court. However, when they amended 5904 in 2006, the 7263C reference to that statute remained. We read this, as we argued in our reply brief, to just be an oversight on the part of Congress. The current 5904C2 talks about charging a fee after a notice of disagreement has been filed. I'm sorry, not the current, but the then-current 2012 version, because, again, 5904 was amended again with the Modernization Act. On that point, we do think that that citation no longer applies, that the 5904C2 has nothing to do with reasonableness reviews. Where does that leave 7263D, it's a nullity? I think it is, Your Honor. If you also look at the original, the pre-2006 version of the statute, a cross-reference 7263, and I'm reading from 5904C2, a finding of the order of the Board under the preceding sentence, may be reviewed by the Veterans Court under 7263D of this title. That citation, that cross-reference was removed when 5904 was amended in 2006, and so, again, we think that there may have been an oversight when the statute was amended in failing to also amend the cross-reference in 7263. And our precedent in Carpenter v. Principi is also a nullity? It doesn't apply, Your Honor, because it's discussing the pre-2006 version of 5904, and, again, that statute has been amended, and there's no longer a review by the Board of the reasonableness, and the current 5904, I'm sorry, the applicable 5904C, the 2012 version, does not cross-reference that statute. And so, as best we can tell, that statute should have been changed, wasn't, and this court does retain jurisdiction to review these, at least, that's not a bar to review. Now, that being said... So where does that leave us, that there's no restriction on judicial review of fees? Other than the normal restrictions, Your Honor, that are already in this court's jurisdictional statute, such as no review of fact findings and other restrictions in 7292. But that being said, we are not necessarily challenging directly the Board's determination that the fee is not reasonable. What we're challenging is the way that the Secretary's regulation circumvents the statutory presumption of reasonableness. And this gets us into the next jurisdictional, or not necessarily jurisdictional, but I guess the waiver aspect, where the Secretary, the Veterans Court, held that it was having a hard time understanding Mr. Kendall's argument. But we would just point out that if you look at the brief that we submitted to the Veterans Court, and that is starting on page 165 of the appendix, the argument that was there, pages 186 to 93, is very similar to what we argued to this court. And the court itself, on page 9 of the appendix, articulated the argument that Mr. Kendall perfectly in our mind. And that was, as we mentioned in the reply brief, yes, the Secretary can rebut the presumption of regularity, but it can't do that by using these factors. And these factors, per its own regulation, under 14636E, are used, and it says, from the regulation, factors considered in determining whether fees are reasonable. We know that a 20% fee is reasonable because the statute says it is. The statute presumes that any fee that is 20% is reasonable. And so the argument here is that the Secretary is essentially reaffirming the reasonableness of a fee that the statute has already said is reasonable. What it doesn't do is present clear and unmistakable evidence that the fee is not reasonable. That presumption must be rebutted first, and then the Secretary would use whatever factors that are in the regulation to determine what fee is reasonable. But what this regulation has essentially done is, by implication, found that a part of the fee is reasonable, and only the other part to be reasonable. That may work in the absence of a statutory presumption, but when the Congress has said that all parts of that 20% fee are reasonable, the first step is to present clear and unmistakable evidence that the fee is not reasonable. It can't do that by simply saying this other part of it is reasonable. What factors would they consider in determining whether the fee is reasonable or not? Well, the factors in the regulation, Your Honor, clearly under what the Secretary wrote are factors to determine whether a fee is reasonable. Now what they would determine to find a fee not reasonable, we don't know because it's not in the regulation. Is that one and the same? I mean, if it's either reasonable or not reasonable? In most cases, it can be, Your Honor, but again, because there's a statutory presumption, the entire fee is reasonable unless there's clear and unmistakable evidence that it's not reasonable. And the clear and unmistakable evidence would take into account what factors? I don't know, Your Honor. Again, I think that some of these factors may come into play, but they would be, again, I think that looking at... Or at least why wouldn't these factors, the factors in 14636, be at least a guide as to what factors should be considered? Well, I would just say, Your Honor, that's up to the Secretary to put in a regulation. This regulation says that these factors are used to determine if a fee is reasonable. Any fee that's 20% or less is already reasonable, so we don't need to go through this analysis. The presumption is rebutted by showing with clear and unmistakable evidence that the fee is not reasonable. And I understand... Going back to Carpenter, why is the discussion we're having now within our jurisdiction to consider? Well, again, Your Honor, Carpenter was looking at the pre-2006 version of the statute, which was where the board performed the first and only review from the agency, and the Veterans Court reviewed that. 5904 was amended. The cross-reference to 7263D was removed. Does the reasoning of Carpenter not apply equally to the amended statutory scheme? It can't, Your Honor, because the statute currently references a provision that has nothing to do with a reasonableness review, and so it's pointing to nothing. The 5904C in the 2012 version, 5904C-2, says a person acting as an agent or attorney, well, under C-1, that they can charge fees after a notice of disagreement is filed with respect to the case. So there is no reasonableness aspect to this subsection of the statute. We think, again, removing the cross-reference in 5904 and failing to amend the 7263 to point to any reasonableness aspect within this statute is a signal that Congress did not intend to retain that jurisdictional bar. The original jurisdictional bar applied to the Veterans Court as well as to our court? It did not, Your Honor. The Veterans Court could review the board's reasonableness determination, but this court could not review the Veterans Court. How do you get that from the statutory language? So the statutory language, this is 72... Because it's talking about reviews, the Board of Veterans Appeals decision, but can't be reviewed by any other court. Any other court has to be our court. Correct, Your Honor. Yeah, because this court has exclusive jurisdiction over the Veterans Court's rulings. I appreciate you directing us to your articulation of your challenge on the merits of the law. I'm still a bit confused by that, I have to admit. But at 187, which is where you directed us to the briefs, you highlight... So I take it this is the portion of the regulation you're saying is in conflict with the statute. Are you at 187? Yes, Your Honor. That the presumptions can be rebutted through an examination of the factors. It seems like you're just challenging the factors. You don't challenge that the presumption is rebuttable, right? That's consistent with the statute, any presumption is rebuttable. Yes, Your Honor. And I think you don't challenge that the rebuttal needs to be by clear and convincing evidence. Correct, Your Honor. And the regulation itself says 20% is presumed reasonable, so you don't challenge that. Correct, Your Honor. So you challenge only that they use the same factors that they already have adopted for reasonableness. And I'm having trouble with that because it seems that maybe this is what Judge Lind is also taking you to. The same factors that would allow me to consider something reasonable, I think, would be a good starting point for assessing if something's unreasonable. I think that it's a starting point, Your Honor, but two responses to that. And I see I'm running low on time, but number one is that just because a fee is reasonable doesn't mean it is not reasonable. And that's kind of our biggest problem with how this regulation is written, is it's implying that if they only find a portion of the fee is reasonable, that the rest has to be unreasonable. But it can't be because the statute has already said it is reasonable. And number two, the factors that are listed in this regulation very explicitly are used only to determine whether a fee is reasonable. And I understand that it's a very fine distinction. Where is this space between finding that something is reasonable and something is unreasonable? It seems to me this is black and white, that if it's not one, it's the other, and vice versa. And that may be true, Your Honor, for a fee that exceeds 20%, but because Congress has presumed the full fee is reasonable, there has to be some other finding that is not based upon factors that a fee is reasonable. And that is really our biggest issue with this regulation, the way it's written. I'm just having a hard time with that because you're not telling me where there is room to distinguish between a determination that something is reasonable or unreasonable. Given that the statute says 20% is presumptively reasonable, but if the factors suggest that it's not, it's not. Well, Your Honor, that's just it. It's suggesting or implying as opposed to presenting clear and unmistakable evidence that it is not reasonable. Now, the Secretary can... Well, of course, all these determinations have to be based on the evidentiary record. It's not like you can just pull out a thin air. Well, I don't like this, so I think it's unreasonable. And because I've made that determination, now I can look at factors to substantiate it. I just don't think that that makes any sense. Either the evidence shows something to suggest it's unreasonable or it doesn't. If it doesn't, then presumptively it's reasonable. Are you arguing there's any difference between unreasonable and not reasonable, or are those the same things? If you're unreasonable, you're not reasonable. I think there is a difference, Your Honor. Okay, what's the difference? That's what I'm looking for. Right, and again, it's in the context of the statutory presumption, because it's already been determined by law to be reasonable. It's to be presumed reasonable, which is repeated in the regulation itself. It is, Your Honor, but again, the Secretary can certainly redraft the regulation. Let's come back to, I know we're way over time. Can you articulate for us the difference in this context between unreasonable and not reasonable? I think that the... Not at this time, Your Honor, but if you would allow me to think on it, and if I could have just a short rebuttal period, then I'd be happy to try to answer that question more effectively. Okay, we'll give you two minutes. Thank you, Your Honor. Ms. Bond? May it please the Court. I'll start with jurisdiction. Section 7263D is not a nullity. It was not repealed by implication. And the argument that it was really doesn't appear in the briefs, but I'll still address it this morning. So 7263D does refer back to the provision for filing an agreement with the VA. So it matches in both cases. And nothing in the 2006 law, which I believe counsel is referring to, Public Law 109-461, and suggested that something changed in that law with respect to 5904C2. But I'm looking at the provisions of that public law, and although Paragraph 2 was amended, as many of this Court's decisions have recognized, that the time that was permitted for attorneys to represent veterans before the VA became earlier and earlier over time. It used to be after a board decision and then after a notice of disagreement. So that was altered in the public law. But 7263 always referred back to C2 and 5904C2, which is the provision for filing an agreement with the VA. So the analysis in Carpenter remains true both before and after. There certainly was no review. But it seems to me you've got a larger problem than that. Even if you're correct that 7263D still retains its original form, the question is whether that preclusion of judicial review should be read to bar review of the regulations. I mean, certainly you would agree that under 501 there could be an appeal from the adoption of the regulation to consider its validity, right? Well, yes, to the extent, Your Honor, that the important thing is that a reasonableness analysis is a very specific type of analysis. Previously it was reserved for the board to conduct the analysis in the first instance. It then was altered so that now the general counsel's office in the VA reviews it. So it's a very specific type of analysis. And when a regulatory issue is wrapped up in that analysis, the 7263 bar applies. And that's because the bar applies to the VA. There weren't any regulations. There wasn't a regulatory authorization that was created in 2006, right? No, that remained the same. That remained the same. No, wait, wait. Oh, sorry. At the time of Carpenter was pre-2006. Yes. The 2006 legislation gave the VA the authority to adopt these regulations, right? No, that was in A-5. So the 2006 legislation altered C-2 by moving up the time to the attorney agreement could be filed. From what I'm looking at in my review, it did not alter A-5. And A-5 of 5904 is the provision that says the secretary may prescribe in regulations reasonable restrictions on the amount of fees. And a fee that does not exceed 20 percent of the past due amount. What in your review, then, did the 2006 legislation do with respect to fees? I mean, other than changing the venue for the reasonableness determination. The two things are that it moved up the time from, I believe, a final board decision to the filing of the notice of disagreement. And so it amended C-2 by doing that. And then it also changed the venue, as the court said, from the board to the secretary. And then the secretary delegated that to the general counsel's office. So the 2006 legislation is really not material when it comes to the jurisdictional analysis under 7263D. It doesn't change anything about that analysis. And so just as was true in Carpenter, the jurisdictional bar applies to the order as a whole. Okay, but even assuming that you're correct about the 2006 legislation, we have Supreme Court cases which talk about the presumption of judicial review. One of those is in the veterans context. And there's nothing in the legislative history of the 1988 statute that indicates a desire to preclude review of the legal standards being applied to fee determinations. It's all about concern about reviewing factual determinations. Well, in Carpenter, the court— That's true, right? That's true with regard to 7292, but here the specific governs the general. So here we're not talking about the court's jurisdiction in general under 7292. We're talking about a specific carve-out when it comes to— No, but I thought that legislative history was directed specifically to the bar on review of reasonable fees. That's not what the court held in Carpenter. In Carpenter, the issue that was attempted to be presented there was a question of the interpretation of EJA, the Equal Access to Justice Act. And this court said, even if that's a statutory issue that would otherwise be within the court's jurisdiction under 7292, the specific governs the general. And 7263 bars—the jurisdictional bar there covers the order. So there's no issue-specific analysis that is appropriate to take place. So if there was an argument that the court would still have jurisdiction under 502, the general authority to review regulations— Yeah, but that would have to be done at the time that the regulation was adopted. And it seems extremely odd to say that we could review the validity of a regulation under 501, 502, but that the same regulatory issue couldn't be reviewed as part of an adjudication. Our cases generally say that you can review the substantive validity of a regulation both under 501, 502 and in later litigation. And Carpenter—the Carpenter case just didn't deal with that, right? I think it did deal with it, Your Honor, because any analysis that would carve out a statutory-specific or regulatory-specific analysis from the jurisdictional bar— the jurisdictional bar of reviewing the order—would be contrary to Carpenter. Because in Carpenter, there was a legal issue presented, which was the EJA fee issue. And the court said, we do not have jurisdiction to review that, even if it would otherwise qualify for review under 7292. So there's really no way to read 7263D that would allow any review of that order. That order is final and shall not be reviewed by any court. And as my friend on the other side said, that means this court. But Carpenter was directed to the interpretation of the fee determination, not any regulatory interpretation, correct? Well, it wasn't a regulatory interpretation. It was a statutory interpretation there. And the argument was about the application of— A statutory interpretation with respect to a determination of the fee. With respect to a determination of fee reasonableness. Fee reasonableness is a very specific type of challenge. There are all kinds of other matters that this court can and has reviewed with regard to eligibility. So was there a fee agreement in place? Was it filed as required? Based on the fee agreement that was in place, should the award have been made out of past due benefits? Those are all kinds of issues that this court has in the past addressed. And do not implicate Carpenter. And do not implicate this case. Because the fee reasonableness analysis is a very specific one. And Congress has indicated that it does not want further review of the fee reasonableness issue. And it encompassed the entire order. But the regulation at issue here relates to the process for determining how a fee is reasonably determined. Is that a little different? No. The question is, can we review the scope and implication of the regulatory scheme adopted to make the fee determination? The application of that regulatory scheme to the facts of a particular case to determine the fee, that would be beyond our review based on the statute. But I think there's a distinction there. The way that Carpenter addressed this, which is entirely consistent and required by the statute, is to first ask the question, is this an order that is covered by the subsection, which is subsection 72? It would be very unusual for a preclusion of judicial review to say you can't review the validity of a regulation. And Congress certainly was not explicit about that in 1988. And if you look at the Supreme Court's decision in Traynor versus Turnage, which I assume you're familiar with, right? Sorry. Traynor versus Turnage. I'm not talking my head right now, Your Honor. It has to do with the presumption of judicial review in the veterans context. And what it says is, unless there's a clear indication of congressional intent to preclude judicial review, judicial review is available. I find it difficult to see in the history of the 1988 provision that there was a clear intention to preclude judicial review of the validity of regulations, which would be very unusual. If there was a freestanding case under 502, for example, that challenged a regulation, that could proceed in this court. So it's the question— That's what's so anomalous. You can do it under 501, 502, but you can't do it in an adjudication. I mean generally in an adjudication, the validity of a regulation can be determined. I don't see anything in 1988, and you can point me to it if there is, that suggests that Congress intended to preclude the review of the validity of regulations. That just doesn't feel like they were concerned about it. Congress's intent is reflected by walking through the statute. So the question is—the question we start with under Carpenter— I'm looking at the legislative history too. Sorry? Yeah. The legislative history too. Regarding 7263D? Yeah. Yes, but the language is clear because you start—the jurisdictional analysis starts with the question, is this an order of the court under subsection 72? It doesn't say we're precluding review of the validity of regulations, right? It's not clear in that way. It says that an order of the court is final and not subject to further review. It doesn't refer to review of regulations, right? It's anything that is subsumed by the order. Well, that's a bit of a jump. I mean, it talks about the order itself. It doesn't talk about the regulations that get you to that order. The order covers everything that is in the decision. It certainly is not limited. The language of this is not limited, and it would make no sense for Congress to limit simply to the factual analysis of reasonableness. Why wouldn't that make sense? Because that would already be covered by the existing jurisdictional bar for this court to analyze factual matters or application of lot of fact. That's not what Congress did here. Congress specifically carved out jurisdictional review of the order under 7263D. And so the first question is, is this an order under 7263D? And I think there's no dispute that it is, because the way that it's phrased is in reviewing a fee agreement filed under 5904C2, which this agreement was filed under 5904C2 and was reviewed by the VA, was in turn affirmed by the board, and then was, in this case, an order of the court that is affirming the board under that provision. So that's the analysis the court did in Carpenter, which is a prior precedential decision interpreting this exact statutory provision. And then Carpenter, the court, started the analysis saying, is this an order under 7263D? Once that finding is made, and it certainly is true here, there really can't be any dispute that this is an order under 7263D. The general argument gives no weight at all to the presumption of judicial review, which Supreme Court has recognized repeatedly, including specifically in the veterans' context. And it really, you have to find something pretty specific. You can't just say, well, it's broad enough to cover review of regulations. That seems to me, under the case, is not sufficient to preclude judicial review. There would have to be some intent to specifically bar review of regulations, which you can't find in 1988. The way that Congress created this carve-out covers the order. So Congress didn't also have to say, and everything covered by the order, whether it's statute, regulation, factual analysis, that is all under the plain language of the order. So once we have the decision, there's no further review of that decision, no matter what is encompassed in that decision. My opinion of your answer is, it's the clear language of 7263D, the last sentence, and it's our holding and analysis in Carpenter that we've already addressed this question, and we've said anything that arises in review of an order under 7263D is outside of our jurisdiction. That's right, Your Honor. Is there any pertinent legislative history that you're aware of that relates to 7263D? I understood you to be talking about 7292 legislative history as Judge Dyck. Is there any pertinent legislative history specific to 7263D? The Court addressed it in Carpenter, and I'm just now looking for— it discusses that the final text of the Act resulted from reconciliation from a compromise agreement in lieu of a conference report, and so this is at page 1374, it looks like, of the Carpenter decision. So the explanatory statements and the compromise agreement both indicate that the Act authorizes— I see I've run out of time. May I? It's okay for her to continue her answer. Judge Dyck, may I complete the answer at my time? Of course. Essentially, this is reciting the relevant legislative history with regard to the specific carve-out in 7263D. So it is addressed in Carpenter, which is binding on this Court. Just briefly, if I might, do you have anything to say on the merits about whether there's a distinction between not reasonable and unreasonable? There's no distinction, and in the regulation in subsection F, it specifically says that the way to rebut the presumption is through the clear and convincing evidence of the factors. So the presumption is effectuated by requiring clear and convincing evidence under those factors. But I want to come back to the legislative history here because I think there is relevant legislative history. Judge—then-Judge Breyer and Judge Arnold, on behalf of the Judicial Conference, testified as to the desirability of limiting the amount of court-time involvement in deciding attorney's fees, and they said in their testimony that the concern had to do with reviewing factual findings. There's no indication in that legislative history that there was concern about reviewing the validity of regulations. That would be very odd anyway. Well, I don't think it would be odd. For one thing, I think as this case represents, challenges to the regulations can often be a way of dressing up what is actually a disagreement with the facts. But regardless, what was clear is that the intent was to cover the order. Answer my question about the legislative history. That legislative history does exist, and it does relate to the review of attorney's fees, correct? And it does express concern only about fact-finding, correct? Well, I don't think that's quite right, Your Honor, because what's discussed in Carpenter is, for example, decisions— No, no, address the legislative history. I'm referring to the legislative history discussed in Carpenter. So there at 134 Congrec, 31474-75, the goal was to ensure that decisions by the board as to the reasonableness of fees would be reviewable in the Veterans Court, but not by any other court. So we have this reference to decisions, and what made it into the actual statute is the order. So it's reflecting an intent, and in fact, this plain statutory language says that the decision is not reviewable. The order is not reviewable, and that encompasses anything that is raised within that order. Okay, but the legislative history that I cited to you is not inconsistent with the legislative history, the more limited discussion of the legislative history in Carpenter. And is my statement correct that that was the concern in the legislative history with fact-finding? I'm sorry, Your Honor. I'm sure that the legislative history addressed the concern about fact-finding, but I don't think the implication that's the only concern is reasonable when they also address the decision, the decision, not just the fact-finding. But you do agree that there was no indication in the legislative history of a desire to preclude review of regulations, right? I'm not aware of anything in the legislative history specifically saying that within a decision or within an order, specific things should be included, because I think it's clear based on the legislative history and the statute that the order is what they did not want. They did not want any further review of the order, so that encompasses everything within the order. Okay. All right. Thank you. Thank you, Your Honor. Mr. DeHackler? So, Judge Stark, I'll do my best here to clarify what we mean by this. So I think that a finding of reasonableness tells us only what is reasonable, and if the fee is not found to be reasonable, we can assume that some part of that is not reasonable, but it is not. It is different than an affirmative finding that the fee is not reasonable with clear and unmistakable evidence. So, again, what the regulation is doing is using these factors to determine what is reasonable, and our position is that there should be a different analysis to determine what is not reasonable, because under 5107B, the standard of proof is benefit of the doubt in most fact findings, and so when you're looking at whether a fee is reasonable or not, that's going to be the analysis. Clear and unmistakable evidence is different and a higher burden and a higher standard than what the normal fact finding is being done in these kinds of situations. What is your view of the interpretation of 7263D based on the legislative history that Judge Dyke just mentioned? So I think Judge Dyke is exactly correct. This is, one, about a regulatory and statutory interpretation matter. Two, there's a strong, strong presumption of judicial review, particularly in veterans' matters. And three, going back to our original argument, when Congress amended 5904, the provision that this statute was pointing to is different. It's no longer a fee agreement filed under C-2. C-2 in the pre-2006 version says that the attorney shall file a copy of a fee agreement with the board, and then the board on its own motion or at the request of the party can review that agreement. That no longer exists in the C-2 version that applies here. I say that I am out of time, so if there are no more questions, thank you all very much. Thank you. Thank both counsel and cases.